## Charles M. Henderson et al.
### v.
## John A. Connelly.

*Mechanic's Lien—Interest of Vendee under Contract of Purchase—Estoppel.*

1.   A vendee, in possession of a lot under contract of purchase, has such an interest therein as will support the lien of a mechanic for work done and materials furnished prior to a forfeiture of the contract.

2.   In the case presented it *seems* that the vendors are estopped from denying the lien of the mechanic.

[Opinion filed August 3, 1887.]

Appeal from the Superior Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding.

Mr. James R. Mann, for appellants.

The claim of the petitioner for a mechanic's lien was entirely defeated by the forfeiture of Sharp's contract for a deed.

The only interest which Sharp had in the lot was under the contract of sale, and the public records were notice of the fact that the title to the property was not in him, but was in the Hendersons. Sharp had the right to bind the interest which he had in the lot, to sell it, to mortgage it, to assign it. But nothing that he could do would affect in any way or destroy or impair the rights of the persons from whom he purchased, and who still retained the legal title for their protection. The policy of the law is to render the conveyance of real estate easy and simple, and yet to allow a vendor to absolutely secure to himself the payment of the purchase price.

Sharp's interest in the lot was a contingent interest. It was subject to be defeated or forfeited by a failure to comply with the provisions of his contract. Time being made the essence of the contract, his *legal* rights were liable to be absolutely

forfeited and ended by a failure to make any of the payments as provided for in the contract. His legal interest, in this respect, was as liable to absolutely terminate as a life estate. His assigns could in no case stand in any better position than he himself occupied. He could convey or bind no more than he had. This interest of Sharp might be subjected to a mechanic's lien, as it might be incumbered in any other way; but the person receiving the incumbrance would take the estate subject to all the contingent incidents liable to defeat it.

Any interest which the petitioner could possibly obtain in the premises by virtue of any contract with, or work done for, Sharp, would necessarily be subject to the legal incidents of Sharp's title through which such interest came. If Sharp had had a dower or life estate in the lot and had employed the petitioner to do this work, and when it was done had died, the petitioner would not have had any recourse as against the property. Schnell v. Clements, 73 Ill. 613. The owner of the life estate could not in such a way burden the reversion or remainder. The builder in such case takes his chances so far as obtaining a lien is concerned. The law assumes to give the builder a lien upon the interest of the person for whom he builds. But the law does not assume to say what that interest shall be.

If the party employing the mechanic has no tangible interest in the premises which it could benefit the mechanic to sell and own, the court will not order a sale. Davis v. Conn. Mut. Life Ins. Co., 84 Ill. 508; Proctor v. Tows, 115 Ill. 138. So in the case of Gardner v. Watson, 18 Ill. App. 386, 395, it was held that where a lessee employed work done upon the leased premises, and pending the mechanic's lien suit and before decree, the leasehold estate expired by limitation, there was nothing for the lien to attach to, and hence no decree could be entered in favor of the petitioner. And in Little v. Vredenburgh, 16 Ill. App. 189, it was decided that where a husband erects a house upon the land of his wife, the mechanic can not have any lien upon her premises. So, also, in Wendt v. Martin, 89 Ill. 139.

That the vendors were entitled to receive, out of the pro-

ceeds of sale, the amount of the contract price of the property, with interest, in case all interests in the property are sold as provided in the decree, before Connelly received anything, is a proposition consonant with reason, and which has been settled by our Supreme Court. Hickox v. Greenwood, 99 Ill. 266. See also, Ruggles v. Blank, 15 Ill. App. 436.

Mr. JAMES LEDDY, for appellee.

The lien provided for by the statute was against the land upon which the labor was expended and the materials furnished in the erection of the building. Lewis v. Rose, 82 Ill. 574; Steigleman v. McBride, 17 Ill. 300; Donaldson v. Holmes, 23 Ill. 85.

It is a well established principle that where the true owner of property holds out another, or allows him to appear as the owner of, or as having full power of disposition over the property, and innocent third parties are thus led into dealing with such apparent owner, they will be protected. Bigelow on Estoppel, 468.

The above doctrine of estoppel was applied in the following lien cases, similar to the one at bar. Weber v. Weatherly, 34 Md. 656; Higgins v. Ferguson, 14 Ill. 269; Donaldson v. Holmes, 23 Ill. 85; Greenleaf v. Beebe, 80 Ill. 520; Schwartz v. Saunders, 46 Ill. 18; Tucker v. Gest, 46 Mo. 339; Collins v. McGraw, 47 Mo. 495.

*Per Curiam.* We have considered all the questions made on this appeal and are of opinion that the decree of the court below must be affirmed. The contract for the sale of the lot contemplated the erection of a dwelling upon it, and appellants knew that one was being erected and advanced to the vendee money to be used in its completion.

The vendee had the possession of the lot under the contract and the contract was not on record. Appellee performed his contract in good faith, and when appellants forfeited the contract of sale and took possession, the lot was permanently improved by the labor and material of appellee laid out upon it, and for which he had not been paid. The vendee had such

an interest in the lot at the time appellee's labor and material were put upon it, as will support the lien of the mechanic who did the work and furnished the materials.

We regard this case as not distinguishable in principle from that of Donaldson v. Holmes, 23 Ill. 85. If appellants' counsel is correct in the argument that said case rests wholly on estoppel growing out of the fact that the president of the vendor company drew the building contract between the vendee of the lot and the builder, then we think that the circumstances here constitute quite as strong a ground for estoppel as those shown in that case, if not a much stronger ground. The decree there was for the sale of the entire interest in the lot and building and the payment of the mechanic in full out of the proceeds, and it was affirmed by the Supreme Court.

The decree appealed from is to the same effect, and we deem it just. Therefore the decree will be affirmed.

*Decree affirmed.*